UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JOSEPH BRADSHAW,           )
         Petitioner,       )    CIVIL ACTION NOS.
                           )    03-12272-DPW
         v.                )    03-12324-DPW
                           )
UNITED STATES OF AMERICA   )
         Respondent.       )
```

MEMORANDUM AND ORDER
June 3, 2005

The Petitioner in these two actions to set aside his sentence under 28 U.S.C. § 2255 seeks certificates of appealability from my dismissal of the petitions through a Memorandum and Order dated July 16, 2004.

Several weeks after filing the instant actions, the Petitioner filed motions to disqualify me based upon the pendency of a claim of judicial misconduct filed with the Circuit Council. The complaint of judicial misconduct has been dismissed by Chief Judge Boudin[1] and, in any event, I find no basis for recusal in the Petitioner's submissions. Consequently, I DENY the motions to disqualify and turn now to resolution of the requests for certificate of appealability.

---

[1] By order dated March 3, 2005 dismissing Complaint No. 400, Chief Judge Boudin found "nothing in the complaint or those materials [readily available] provides a basis for a belief that the misconduct statute has been violated." The petitioner has sought review of that Order from the Judicial Council of the First Circuit and the question of review is currently under advisement.

The Petitioner's application is prolix, confused and confusing.  In order to insure full consideration of any arguable claims, I have in response conducted a full review of the trial record and the filings relating to the § 2255 actions.  Having done so, I conclude no denial of substantial constitutional rights is to be found.  See generally, Slack v. McDaniels, 529 U.S. 473.  I do not propose to revisit the determinations I made in my Memorandum of July 16, 2004.  I will only address here specifically two claims more fully developed in the request for a certificate of appealability.

The first is the suggestion that the Petitioner was in some fashion harmed because counsel for his codefendant Sutherland, Rosemary Scapacchio, Esq., was not disqualified and that she should have been reported to the Board of Bar Overseers by the prosecution or by the court.  Sutherland, of course, pled guilty in this case and there was no need definitively to decide the motion for disqualification.  There is no evidence of record that Scapacchio, who, according to the Petitioner, was operating under a joint defense agreement involving the Petitioner and Sutherland, had in fact compromised any attorney-client privilege in the case.  Any misconduct by Scapacchio, as alleged by the government, and now separately and belatedly by Petitioner, was not material to the outcome of Petitioner's case.  The suggestion that Scapacchio should have been reported to the Board of Bar Overseers on the basis of unresolved allegations does not affect the guilt or innocence of the Petitioner and so is beyond the

2

scope of Section 2255 proceedings.  The Petitioner himself did not undertake to make such a report until September 2003, more than a year and a half after his convictions were affirmed on appeal.  United States v. Bradshaw, 281 F.3d 278 (1st Cir. 2002). While not finding the allegations against Scapicchio material to these § 2255 proceedings, I must observe that the Petitioner's effort here to divert attention from his own culpability to the alleged malfeasance of others reflects a consistent feature of Petitioner's tactical approach in facing the underlying charges against him.[2]

The Petitioner also seeks the benefit of developments in the law of federal sentencing since his convictions were affirmed on appeal.  Putting to one side whether Petitioner may properly assert these new claims based upon retroactive application of new

---

[2] Not counting Ms. Scapicchio, who Petitioner says served him through a joint defense agreement while formally representing Sutherland, Petitioner has had three successive counsel appointed to represent him.  He has accused each of ineffectiveness after things have not gone his way thereby using the reappointment process to delay proceedings as well as divert attention from the merits of the charges against him.  Perhaps the most egregious example of this tactical approach by Petitioner involved the replacement of Elliot Weinstein, his second appointed counsel, who represented the Petitioner at the time of the suppression hearing up to the initial jury selection.  After losing the suppression motion, the Petitioner served Weinstein with notice of a civil action he had commenced against him in state court for malpractice.  Weinstein then sought to withdraw after the jury had been selected but before it had been sworn.  At the request of Weinstein, because confidential matters not appropriate for exposure to the trial judge would apparently have to be considered, I referred the question of withdrawal to the Emergency Judge for resolution.  Judge O'Toole thereafter permitted Weinstein to withdraw resulting in the appointment of Juliane Balliro as trial counsel and a consequent delay in trial.

case law or the hope that the case law will become even more favorable in the future, the short and sufficient answer to this claim is that I am satisfied the sentence which I imposed is one that I would have imposed irrespective of the changes in the manner and effect of guideline calculations.  The Petitioner's activities and brutal and cynical efforts to manipulate the system of justice were such that the sentence, which is within the statutory maximums, seemed when I imposed it and continues to seem to me now appropriate considering the goals of 18 U.S.C. §3553(a) quite apart from the way in which the guidelines themselves are to be applied.

After full review of the entire record in this case, I do not find demonstrated any denial of a substantial constitutional right, nor any question fairly debatable among reasonable jurists.  Accordingly, I deny the certificate of Petitioner.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE