UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Joseph Bradshaw
    Petitioner/Appellant
V.                                    Civ. No. 03-12324-DPW
United States of America              App. No. 05-2196
    Defendant/Appellee                Cr. No. 96-10032

MOTION FOR THE GOVERNMENT TO
STIPULATE WITH THE COURT'S APPROVAL
THE FOLLOWING FACTUAL STATEMENT
AS THE RECORD ON APPEAL IF A
<u>C.O.A IS GRANTED</u>

Now comes the appellant (Bradshaw's) pro-se motion for the government to stipulate with the Dist. Court's approval the following factual statement pursuant to Local Rule 10(d) as the record on appeal if a C.O.A. is granted.

(1) Counsel's ineffective claim for failure to get an advanced ruling on the admissibility of 804(B)(3) hearsay prior to her opening statement what exactly the evidence will show. As well as ineffective assistance of counsel for failure to site <u>US v. Seeley</u> 892 F.2D 1, 1st Cir 1989 to the District Court Judge

AND ON DIRECT.

(A) TRIAL COUNSEL'S OPENING STATEMENT DID INCLUDE THE FOLLOWING SPECIFIC DEFENSE THEORY PROMISES TO THE JURY:

"The evidence will show that Donny Desimone and his brother, Ronny Desimone, and the government's informant, Michael Stanley, came up with the idea to do the postal robbery; that Donny Desimone planned it; that Donny Desimone executed it; that Donny Desimone made the arrangements for it; and that Donny Desimone drove the getaway car. The evidence will show ladies and gentleman, that when Donny Desimone realized that he could do better than the share he was suppose to get from the initial plan to do the robbery, he made arrangements with Teddy Sutherland to have Teddy Sutherland rob the robber and get 50% from the share's of the robbery.

2

originally filed the surpression motion did not subpoena Kevin Cally, James Werra, Christina Bellefeuille and/or put Bradshaw on the stand during the surpression hearing.

(B) Stipulate and agree, that the informant source responsible for the search was cooperating witness James Werra who specifically told the government that Bradshaw and Kevin Cally were living at 1960 Comm. Ave in Brighton and that the gun's stored their were Bradshaw's, among other things.

(C) Stipulate and agree, that Christina Bellefeuille's trial testimony in this regard was the same. Among other things.

(D) Stipulate and agree, that Fredrick Cally and his wife were residing in N.H. in the summer of 1985, and left the Brighton Apt. to be tended by their son Kevin Cally.

(E) Stipulate and agree, that the agent had to request Fredrick and his wife to return from their N.H. residence and when they let the agent into

9

(M) Stipulate and agree, that prior counsel did not raise Kevin Cally's benefits at the suppression hearing.

(N) Stipulate and agree that prior counsel and trial and appellate counsel never filed for discovery pursuant to Fed. R. Crim. P. L.R. 116.2 and/or raised <u>Roviaro v. US</u>, 353 US 53 (1957) in an attempt to determine if, Kevin Cally in exchange for not being prosecuted ever told the government that "he gave Bradshaw permission to stay at the residence and store his belongings." <u>Roviaro</u>, hold's when a source becomes a witness. And F.R. Crim P. L.R 116.2 hold's discovery involving exculpatory information must be turned over because it may cast doubt on the admissibility of evidence that might be subject to a motion to suppress.

(4) Counsel's ineffective claim for failure to brief on direct the Appellant Bradshaw's denial of a speedy trial, when the docket entries and caselaw and statue taken together confirmed a S.T.A. violation. When the matter was first raised the delay was 3 year's. The delay was

12

EASILY ATTRIBUTABLE TO THE DISTRICT COURT AND GOVERNMENT.. THE COURT FOR FAILURE TO RULE ON THE DISQUALIFICATION MOTION, FOR OVER 3 1/2 YEARS, AND THE GOVERNMENT FOR THE MOTION BEING _PRETEXTUAL_. THE APPELLANT DID ASSERT THE RIGHT, AND DID MAKE A SHOWING OF PREJUDICE.

(A) STIPULATE AND AGREE, THAT THE DOCKET ENTRIES DO NOT REFLECT THE DISTRICT COURT'S ORDER WITH REGARDS TO BRADSHAW'S MOTION MEMORANDUM OF LAW FOR A S.T.A. VIOLATION WITH A AFFIDAVIT IN SUPPORT D.E. 357, AND 358 9-3-99.

(B) STIPULATE AND AGREE THE DISTRICT COURT IN PRE-TRIAL DENIED THE SPEEDY TRIAL MOTION OUT OF HAND, WITHOUT A HEARING AND WITHOUT STATING ON THE RECORD WHICH DATE'S WERE ~~EXACTLY~~ EXACTLY EXCLUDABLE AND WHICH DATE'S WERE NON-EXCLUDABLE UNDER THE ACT..

(C) STIPULATE AND AGREE, THE DISTRICT COURT POST TRIAL DURING A 2255 CHALLENGE DENIED THE CLAIM COUNSEL WAS INEFFECTIVE FOR FAILURE TO RAISE THE S.T.A. CLAIM WITHOUT

13

A HEARING AND/OR WITHOUT SPECIFING WHICH DAY'S WERE EXCLUDABLE AND WHICH NON EXCLUDABLE UNDER THE ACT.

(D) STIPULATE AND AGREE, THE GOVERNMENT LODGED A WARRANT IN THE CASE AT BAR ON 9-21-95, INDICTED BRADSHAW ON 1-31-96, ARRAINGED BRADSHAW ON 2-9-96, AND TRIED THE CASE, FROM 4-3-2000, UNTIL THE JURY RETURNED A VERDICT ON 4-27-00.

(E) STIPULATE AND AGREE, ON FEBUARY 14, 1996 THE GOVERNMENT FILED A MOTION TO DISQUALIFY SCAPICCHIO, CITING HER MULTIPLE REPRESENTATION'S, AND ALLEGING SHE WOULD BE ULTIMATLY BE NAMED AS A PARTICIPANT IN CERTAIN CRITICAL EVENTS IN THE CASE, IF NOT CALLED OUT RIGHT AS A WITNESS..

(F) STIPULATE AND AGREE, THAT MAGISTRATE COHEN'S MARCH 29, 1996 ORDER DISQUALIFING SCAPICCHIO STATED:

    AS THE GOVERNMENT APPROPIATLY CONTENDS ... ABOVE THE CRITICAL LINK - THE LINK WHICH DEFENDANT WOULD DENY THE GOVERNMENT - IS THE LINK BETWEEN THE REICPT OF MONEY

14

AND SUPPLYING OF INFORMATION CONCERNING THE IDENTITY OF COOPERATING WITNESSES. IT SHOWS, AT ONCE, MOTIVE AND PLANNING ON THE PART OF SUTHERLAND; SIMPLY STATED, HE PROVIDED, THROUGH AN INTERMEDIARY, SOME $9,000 OF THE PROCEEDS OF THE ARMED ROBBERY WITH A VIEW AND EXPECTATION THAT "INSIDE" INFORMATION WOULD BE PROVIDED BY THAT ATTORNEY CONCERNING THE IDENTITY OF COOPERATING WITNESSES; AND THAT ATTORNEY — EVEN THOUGH UNWITTINGLY — DID AS EXPECTED AND ANTICIPATED BY SUTHERLAND, PROVIDED THE VERY INFORMATION SOUGHT. IT IS IMPORTANT EVIDENCE, MATERIAL EVIDENCE, AND CLEARLY NECESSARY TO THE GOVERNMENT'S CASE AGAINST SUTHERLAND. IN THIS COURT'S VIEW, THE RATIONALE OF *Diozzi* AND IT'S PROGENY CLEARLY FAVORS THE GOVERNMENT IN THE CIRCUMSTANCES OF THIS CASE, AND DISQUALIFICATION IS WARRANTED. THE PRESUMPTION OF

15

COUNSEL OF ONE'S CHOOSING
... NOTWITHSTANDING

(G) STIPULATE AND AGREE, THAT RONNY AND DONNY DESIMONE WERN'T EVEN COOPERATING AT THE TIME OF THE ATTEMPTED MURDER.

(H) STIPULATE AND AGREE, THAT THE GOVERNMENTS DISQUALIFICATION MOTION PRESENTED TO MAGISTRATE COHEN WAS "<u>PRETEXTUAL</u>" which ERRENEOUSLY LED THE MAGISTRATE TO CONCLUDE IN his ORDER That Scapicchio PROVIDED CORRECT INSIDE INFORMATION About who WAS COOPERATING WITNESSES.

(I) STIPULATE AND AGREE, That SUTHERLAND APPEALED THE MAGISTRATE'S ORDER AND THAT JUDGE ~~WOODY~~ WOLF AND WOODLOCK COMBINED FAILED TO ULTIMATLY DECIDE THE MOTION FOR OVER 3 1/2 YRS.

(J) STIPULATE AND AGREE, That THE GOVERNMENT IN THE 6-21-96 hEARING TO ADDRESS THE DISQUALIFICATION MOTION AND EACH GOVERNMENT FILING THEREAFTER, THE GOVERNMENT MAINTAINED TO THE DEFENSE AND COURT THE SAME <u>PRETEXTUAL</u> THEME

16

FOR 3 1/2 YRS, THAT SCAPICCHIO PROVIDES CORRECT INSIDE INFORMATION ABOUT WHO WAS COOPERATING, WHICH THE GOVERNMENT KNEW WAS FALSE.

(K) STIPULATE AND AGREE, THAT THE PRODUCTION OF STANLEY'S 1995 302, TURNED OVER IN AUGUST 1999 CONFIRM'S THESE PRE-TEXTUAL GOVERNMENT FILING'S WITH REGARD TO THE DISQUALIFICATION MOTION.

(L) STIPULATE AND AGREE, THAT SINCE THE RECORD CONFIRM'S THESE PRE-TEXTUAL FILING'S, COMBINED WITH THE DISTRICT COURT'S FAILURE TO RULE, THAT THE DISQUALIFICATION MOTION IS NON EXCLUDABLE FOR THE PURPOSE'S OF THE S.T.A. VIOLATION CLAIM.

(M) STIPULATE AND AGREE, THAT BETWEEN 12-5-97 JUDGE WOLF'S ORDER, AND 4-2-98 JUDGE WOLF'S SCHEDULING FOR CONFERENCE WHICH DIDN'T TAKE PLACE IS 117 DAY'S INCURRED AGAINST THE SPEEDY TRIAL CLOCK.

(N) STIPULATE AND AGREE, THAT BETWEEN 7-8-98 WHEN THE SUPERCEEDING INDICTMENT WAS RETURNED AND 7-28-98 WHEN BRADSHAW

17

WAS ARRAINGED, THAT 3161(h)(1)(H) EXCLUDES FROM 7-8-98 UNTIL 7-18-98, BUT FROM 7-18-98 UNTIL 7-28-98, ADD'S <u>10 DAY'S</u> TO THE SPEEDY TRIAL CLOCK AND VIOLATION.

(O) STIPULATE AND AGREE THAT BETWEEN ARRAINGMENT ON 7-28-98 UNTIL 11-10-98 WHEN BRADSHAW FILED 8 PRO-SE MOTION'S TO COMPEL COUNSEL TO FILE ADD'S <u>113 DAY'S</u> TO THE SPEEDY TRIAL CLOCK VIOLATION.

(P) STIPULATE AND AGREE THAT BETWEEN 11-24-98 WHEN JUDGE WOLF APPOINT'S ATTORNEY WEINSTEIN UNTIL 12-4-98 WHEN BRADSHAW FILE'S A MOTION TO DISMISS ADD'S <u>10</u> DAY'S TO THE S.T.A. CLOCK VIOLATION'S.

(Q) STIPULATE AND AGREE THAT JUDGE WOLF TOOK NO ACTION IN THE CASE FROM 12-5-97 UNTIL JANUARY 13, 1999, DUE TO HIS OBLIGATION IN US V. SALEMI AND MARTARANO, WHICH REQUIRED HIM TO HAVE THE CASE RE-DRAWN ON 1-14-99.

(R) STIPULATE AND AGREE THAT BETWEEN 1-15-99 WHEN THE CASE WAS REASSIGNED FROM JUDGE WOLF TO JUDGE WOODLOCK, AND 3-22-99

18

WHEN THE GOVERNMENT REQUESTED A STATUS CONFERENCE HEARING ADD'S 45 DAY'S TO THE SPEEDY TRIAL CLOCK AND VIOLATION.

(5) STIPULATE AND AGREE, THAT AS A RESULT OF THE DISTRICT COURT NOT RULING ON THE DISQUALIFICATION MOTION, AND THE GOVERNMENT'S MOTION BEING <u>PROVEN PRETEXTUAL</u> AND NEITHER STOPPING THE STA CLOCK A TOTAL OF 295 ARE CREDITED TO THE S.T.A. VIOLATION, MANDATING DISMISSAL WITH OR WITHOUT PREJUDICE.

(5) THE SENTENCING ISSUE REQUESTING A C.O.A. TO RAISE THE 3-STRIKE EXCEPTION THAT FIT'S SQUARLEY WITHIN THE RECENT SUPREME COURT DECISION'S OF BLAKLEY, BOOKER, FAN-FAN AND SHEPARD, WHICH CLEARIFIED AND DEFINED THE 6TH AMMEND PRINCIPLE'S THE SUPREME COURT FOUND IN APPRENDI.

(A) STIPULATE AND AGREE THAT BRADSHAW RAISED AND PRESERVED HIS APPRENDI CLAIM AT SENTENCING, AND ON DIRECT.

(B) STIPULATE AND AGREE, THAT THE ABOVE

(19)

Supreme Court decision's were not decided when Bradshaw was sentenced and/or at the time Direct was decided.

Respectfully Submitted

Dated 12-12-05

Joseph Bradshaw
20980-038
U.S.P. MAX- A-D-X
Box 8500
Florence Co. 81226

## Certificate of Service and Verification

I, Joseph Bradshaw, do hereby certify and verify pursuant to 28 U.S.C. § 1746 under the penalty of perjury the foregoing motion for stipulation is true and accurate, and that I have caused a true copy of the same to be served by 1st class mail, postage pre-paid on A.U.S.A Dina M. Chaitowitz, One Courthouse Way, Suite 9200, Boston MA. 02210

Joseph Bradshaw

Dated 12-12-05